## Linn v. Morgan

718

*John B. Schaner* and *Charles R. Whitehill,* for plaintiffs.

*Greevy, Knittle* and *Mitchell,* for defendant.

ZIEGLER, *P. J.,* January 29, 1974—Minor plaintiff, by his guardian, brought this action to recover damages for injuries sustained to head and body of minor in a sledding incident which occurred in Newton Hamilton on or about December 28, 1961. We have garnered from complaint facts with respect to the incident as follows:

1. Minor was sled riding down a slope at the side of his home and coasting onto the street at the front of his home.

2. Defendant was operating a truck along the street on which minor was coasting.

3. Defendant was negligently operating truck in, inter alia, striking minor and injuring him with truck.

Defendant filed preliminary objections consisting of a motion to strike off complaint and a motion for more specific pleading. His first reason for motion to strike is that the material facts on which the

cause of action is based are not stated in concise and summary form. Since Pa.R.C.P. 1028(a) requires that preliminary objections shall state specifically the grounds relied upon, we overrule the first reason because of vagueness.

The second, third and fourth reasons for motion to strike are that the complaint fails to specifically aver time and place of the alleged incident, items of special damage and motor vehicle statutes allegedly violated. The same three reasons were assigned for motion for more specific complaint. Since we regard them as proper reasons for the latter but not for the former, we overrule the motion to strike in its entirety.

His reasons for motion for more specific pleading were the same as the second, third and fourth reasons assigned for motion to strike.

Plaintiff filed preliminary objections to preliminary objections consisting of a petition raising a question of jurisdiction and demurrer and thereby reserved the same as his answer to defendant's preliminary objections in the event the answer to the preliminary objections be deemed by the court to be the sole proper pleading to preliminary objections. His reason for petition raising question of jurisdiction appears to be that defendant served his preliminary objections only by mailing a purported copy to attorney for plaintiff on July 26, 1973, which was one day prior to the purported filing of the original on July 27, 1973. It is not clear whether plaintiff is questioning the time or manner of service. As to time, our order of July 6, 1973, required defendant to plead within 20 days after notice thereof in accordance with Pa.R.C.P. 1028(d). It appears, by correspondence of record, that the order was mailed to attorney for defendant on July 6, 1973,

and received on July 9, 1973. Assuming that the 20-day period began to run on July 7th, the first day following mailing of notice, rather than on July 10th, the day following receipt of notice, defendant would have had all of July 26th to serve plaintiff. Therefore, service on July 26th was timely. As to manner, Pa. R. C. P. 1027(2) provides that service of a pleading, other than a complaint by which an action is commenced, may be made by mailing a copy to him at the address of the other party's attorney of record. Therefore, service by mail was proper.

The only question remaining, which was not raised by plaintiff, is whether mailing to plaintiff's attorney at plaintiff's attorney's address rather than to plaintiff at his attorney's address was proper. We believe that Pa. R. C. P. 1027(2) should be construed so as to maximize the probability of the matter being brought to the party's attention. Accordingly, we believe that the party would be more likely to receive notice if mail were addressed to his attorney at his attorney's address rather than to the party at his attorney's address, since his attorney would most likely be reluctant to open mail addressed to the party. By analogy, our construction follows our opinion in Banks v. Banks, 62 D. & C. 2d 657 (1973), wherein we held that the notice of hearing under Pa. R. C. P. 1133(a)(2) (now 1133(a)(3)(b)) should be addressed to the persons named in the complaint as likely to know the whereabouts of defendant rather than to defendant himself at the address of such persons and also follows our construction of the former Pa. R. C. P. 1124(b) in Banks, where it was held that notice of pendency of action to defendant served by publication should be addressed to him by unrestricted

mail in order to increase the possibility that others would open the mail in the absence of defendant and communicate the fact of the pendency of the action to defendant. Accordingly, the petition raising question of jurisdiction is overruled.

Plaintiff's first four reasons for his demurrer relate to defendant's motion to strike. Since we have overruled the motion to strike, the first four reasons for demurrer are moot.

By paragraph 5 of his demurrer, plaintiff assigns three reasons, viz.: (a) Paragraphs 3 and 4 of the complaint aver time and place with sufficient specificity; (b) defendant's preliminary objections fail to negate defendant's actual knowledge of time and place; and (c) defendant, by written interrogatories, has already obtained and had opportunity to obtain specifics as to time and place. Although we do not believe that preliminary objections to preliminary objections is the proper method of simply traversing propositions stated in the original preliminary objections, we shall disregard our caveat and blend the three reasons for discussion.

Our inquiry is whether or not "on or about December 28, 1961" is a sufficiently specific averment of time and whether or not averment of place, embodied in the first two of our garnered facts, is sufficiently specific. Rule 1019(f) requires that time and place shall be specifically stated. If it were apparent that defendant does not have knowledge of time and place, then more specific averment would be mandatory. Here, it is not apparent whether or not defendant had much knowledge. Since knowledge of an objecting party is a criterion in passing upon objections unless averment is necessary to frame the issue, we agree with plaintiff's contention that defendant should negate

knowledge. Although we have found no authorities for plaintiff's contention, we note that, prior to filing of complaint, defendant filed interrogatories without making inquiries as to time or place. Therefore, we infer that the incident alleged in the complaint did not come as a total surprise to defendant and conclude that in this action in trespass, where specific denial is not required of such averments, time and place are averred with sufficient specificity, since the facts are mutually known: 2A Anderson Pa. Civ. Prac. 89.

By paragraph 6 of his demurrer, plaintiff assigns three reasons, viz.: (a) General averment of damages necessarily following as natural and probable result of injuries is sufficiently specific; (b) defendant fails to state specifically any ground relied upon contrary to Pa.R.C.P. 1028(a) and fails to aver any lack of specificity objected to as harmful or prejudicial to defendant; and (c) defendant, by written interrogatories, has already obtained and had opportunity to obtain specifics as to special damages. We bypass reasons (a) and (b), since our resolution will turn on reason (c). True, Rule 1019(f) requires that items of special damage shall be specifically stated. By interrogatories 13 and 14, defendant sought the amounts of doctor and hospital bills, but defendant did not thereby seek other special damages. While we do not concur with authorities holding that discovery rules adopted after Rule 1019 excuse pleaders from pleading with as much specificity as theretofore, we do believe that a pleader utilizing discovery before or simultaneously with a motion for more specific pleading should be restricted to discovery when: (1) The subject area was or is touched upon by discovery; and (2) the specifics sought are not essential to frame the issue. Otherwise, the objector would have capacity

for harassing his adversary and for postponing time of issue by dual processes.

By paragraph 7 of his demurrer, plaintiff assigns one reason, viz.: that complaint avers statutory violations literally in the statutory language of statutes violated. This is in response to defendant's reason for more specific complaint that the complaint fails to *aver* which motor vehicle statutes were allegedly violated. Defendant based this reason on our local rule, Mifflin County Rule No. 1019, which provides that, when any claim is asserted to be founded on a specific statute, the first pleading in which such claim is asserted shall *"cite, for the information of the court,* the statute . . . so relied upon." Italicized language suggests that only the court has standing to object to lack of compliance with said local rule.

For reasons appearing in the foregoing three paragraphs, we sustain plaintiff's fifth, sixth and seventh reasons for his demurrer and overrule defendant's motion for more specific pleading. In his brief, defendant suggested that negligence was not pleaded with sufficient specificity. We agree but defendant did not move for more specific pleading of negligence.

## ORDER

Now, January 29, 1974, defendant's motion to strike off complaint is overruled, plaintiff's demurrer is sustained for the fifth, sixth and seventh reasons assigned and defendant's motion for more specific complaint is overruled. Defendant shall plead over within 20 days after notice of this order. Exception is noted to Greevy, Knittle and Mitchell, Esqs., attorneys for defendant, and to John B. Schaner, Esq. and Charles R. Whitehill, Esq., attorneys for plaintiff.